STATE, WHEELER H. PECKHAM ET AL., PROSECUTORS, v MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

1. The act entitled "A general act respecting taxes, assessments and water-rates," approved March 23d, 1881, (*Pamph. L.*, *p.* 194,) is not applicable to proceedings for assessment taken under an unconstitutional statute.
2. Such proceedings cannot be rendered valid by act of the legislature.
3. The levying of a special assessment is a judicial act, and unless the body performing it has acquired jurisdiction, its action is and must remain void.
4. The legislature cannot deny to the citizen the right to invoke the judgment of this court upon a void assessment.

On *certiorari.*    In matter of taxation.

Argued at June Term, 1881, before Justices DIXON and PARKER.

For the prosecutors, *Edward Q. Keasbey.*

For the city, *Henry Young.*

The opinion of the court was delivered by

DIXON, J.    This *certiorari* is brought to review an alleged assessment for the grading and curbing of Chestnut street, ratified April 5th, 1872, levied under the one hundred and ninth section of the charter of Newark. *Pamph. L.* 1857, *p.* 116.

This section clearly is unconstitutional ; the assessment was, therefore, void from its inception, and the delay of the prose-

cutor in making his complaint affords no obstacle to his having the relief which he seeks.    *Bogert* v. *City of Elizabeth* 12 *C. E. Green* 568.

So much is conceded by the defendant.

But the city interposes the act entitled " A general act respecting taxes, assessments and water-rates," approved March 23d, 1881, (*Pamph. L., p.* 194,) which directs that no tax, assessment or water-rate shall be set aside or reversed in any court of law or equity, in any action, suit or proceeding, for any irregularity or defect in form, or illegality in assessing, laying or levying the same, or in the proceeding for collection, if the person against whom or the property upon which such tax, &c., is assessed, is in fact liable to taxation, &c., in respect of the purposes for which such tax, &c., is levied; but that the court shall amend the proceedings, and ascertain the sum justly chargeable, which is to be substituted for the sum already levied.   The city claims that the prosecutor's lands are legally liable for the expenses of this improvement, and that by force of the recited statute the court is prevented from reversing the proceedings, and must amend and adjust the same as the act directs.

The proceedings brought up are not, however, such as this law contemplates.   The matters against which it aims to relieve municipalities are irregularity and defects in form, and illegality in assessing, &c., actual taxes, assessments and water-rates, and the court is commanded not to set aside these burdens for such causes.   But the ground of the prosecutor's complaint is, not that there was any want of obedience to legal requirements, either of form or substance, in imposing the assessment, but that there was no law for any imposition whatever, that the so-called law was void, as if it did not exist, and that the result of all the proceedings was, not an illegal assessment, which he asks to have set aside, but a mere nullity, which he asks to have so adjudged.   He does not desire us to remove something which really exists against his land, but to declare that what the city claims to be something, is, in truth, nothing.   This is the judgment which the facts

warrant, and such a judgment this law does not seem to forbid.

But even if the statute did, in terms, attempt to restrain the court from declaring these proceedings null, it could not prevail. The creation of a valid assessment for public improvements in this state requires the determination of the amount of special benefit received from the improvement by each parcel of assessable land and a distribution of the expense among these parcels in proportion to and not in excess of their respective benefits. *State, Agens, pros.,* v. *Newark,* 8 *Vroom* 415.

Such a proceeding involves the exercise of judicial functions by some authorized body before which the land-owner shall have had legal notice to appear. *State* v. *Jersey City,* 4 *Zab.* 662; *State* v. *Newark,* 1 *Dutcher* 399, 405; *Wilson* v. *Karle,* 13 *Vroom* 612.

We have seen that the statute under which the proceedings now before us were taken, was void. It consequently conferred upon the person who made this assessment no authority to do so. Hence this assessment was a judicial act void for want of jurisdiction in the tribunal which performed it. Such an act cannot be legalized by the legislature. *Maxwell* v. *Goetschius,* 11 *Vroom* 383.

It remained, therefore, as invalid as it was before the act of 1881 was passed. And, indeed, no statute, whether enacted before or after the proceedings, could render such an assessment legal. It is not in the power of the legislature to give any substantiality to a special assessment for a public improvement, unless it direct it to be levied in proportion to the peculiar benefit which the property shall have received.

This form of assessment thus remaining invalid for want of jurisdiction in the body that created it, the legislature is unable to withhold from the citizen that relief against it which the appropriate writ of this court affords. *Traphagen* v. *West Hoboken,* 10 *Vroom* 232; *Green* v. *Jersey City,* 13 *Vroom* 118.

The proceedings must, therefore, be adjudged null and void, with costs.

Sheridan v. Van Winkle.

If the city deems itself entitled to any action of the court looking to the levying of a lawful assessment, let application be made as counsel may advise.